# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WIMBLEY LAMAR CANNON, JR.,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:05-CR-255-RDP-JEO |
| **UNITED STATES OF AMERICA ,** | } |
| Respondent. | } |

## MEMORANDUM OF DECISION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

This case is before the court on Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed April 16, 2008. (Doc. #21). Petitioner files his motion requesting that this court modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the court concludes that Petitioner's motion for reduction of sentence is due to be denied.

**I.      Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  *See* United States Sentencing Comm'n, Report to Congress:  Cocaine and Federal Sentencing Policy (May 2007) (the

"2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines). In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007. The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement"). Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new. All of this was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.    Analysis**

With that background, the court now turns to the current motion (Doc. #21) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 180-month sentence imposed upon him under Counts Two and Three.[1]  Petitioner pled guilty of these counts on July 25, 2005, and was sentenced on January 25, 2006 to a term of 120-months in Count Two, the minimum statutory penalty at 21 U.S.C. 841(b)(1)(B), with an enhancement at 21 U.S.C. § 851, and a consecutive 60-month sentence in Count Three pursuant to 18 U.S.C. § 924(c)(1).

The following chart sets forth the application of the Crack Amendment and the Amended Policy Statement to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 23 | 21 |
| **Criminal History Category** | VI | VI |
| **Imprisonment Range** | 120-months | 120-months |

**III.  Decision**

Because Petitioner was sentenced at the statutory minimum penalty range, and the Crack Amendment and Amended Policy Statement did not (and could not) have any effect on the statutory minimum penalty set by Congress, this court finds that Petitioner is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10.[2]  Specifically, U.S.S.G § 1B1.10 removes from consideration those defendants who were sentenced to a statutory minimum sentence.[3]

---

[1] Count One was dismissed on Motion of the United States at sentencing.

[2] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: "Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

[3] U.S.S.G. § 1B1.10, comment.(n.1.(A)(ii)) states as follows: "Eligibility. – Eligibility for consideration . . . is triggered only by an amendment . . . that lowers the applicable guideline range.  Accordingly, a reduction in the

Additionally, the decisions made in *Booker*, *Kimbrough*, and *Gall*, all of which Petitioner relies, have no effect on the statutory provisions and the applicable mandatory minimum penalties found at 21 U.S.C. §§ 841(b)(1)(B) and 851.  Accordingly, Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is due to be denied.  A separate order will be entered in accordance with the court's decision.

**IV.     Notice of Appeal Rights**

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed.  *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i).  If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

---

defendant's term of imprisonment is not authorized . . . if (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a **statutory mandatory minimum term of imprisonment**)."  (Emphasis added).

**DONE** and **ORDERED** this \_\_\_\_20th\_\_\_\_ day of October, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE